IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| HENRY BARROWS, #B82577, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19−cv−00252−NJR |
| LISA GOLDMAN, LT. BEBOUT, C/O QUANT, C/O DUBZINSKI, LT. WITHOFF, MRS. WALTON, MS. MALL, CASSIE NORTEN, and TONYA SMITH, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Henry Barrows, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Dixon Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Menard Correctional Center ("Menard"). Plaintiff claims that Menard officials responded to his suicide attempts with deliberate indifference, in violation of his Eighth Amendment rights. (Doc. 1, pp. 1-5). He seeks money damages from the defendants. (*Id*.).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-5): Prison officials failed to prevent Plaintiff from repeatedly attempting suicide at Menard. Plaintiff describes five suicide attempts in March 2018.

On March 19, 2018, Plaintiff asked an officer for a crisis team because he felt "self-injurious." (*Id*. at p. 2). The officer told Plaintiff to kill himself. Plaintiff responded by repeatedly cutting his left forearm until it bled. Nurse Smith bandaged Plaintiff's wounds but instructed officers to return Plaintiff to his cell. Nurse Smith informed the officers that Doctor Goldman declined to place Plaintiff on suicide watch, even after she informed the doctor that Plaintiff would attempt suicide again. (*Id*.).

Soon thereafter, Plaintiff cut himself until he severed an artery and suffered significant blood loss. (*Id*. at p. 2). Lieutenant BeBout and Nurse Walton attempted to revive Plaintiff by slapping him, kicking him, and stomping on his new shoes while screaming insults at him. Plaintiff was treated for blood loss at Chester Memorial Hospital but returned to the same cell. (*Id*.).

On March 21, 2018, Plaintiff asked Officer Quant to summon a crisis team, and the officer refused. (*Id*. at p. 3). Plaintiff cut himself around 1:45 p.m., and Officer Quant waited until 2:30 p.m. to summon help. (*Id*.).

On March 27, 2018, Officer Dubzinski encouraged Plaintiff to cut himself, and Plaintiff did just that. (*Id*. at p. 3). Nurse Norton bandaged his arm and placed him back in the same cell. Officer Doe then blocked the surveillance camera with a trash can and placed a mop over the blood that pooled on Plaintiff's cell floor. (*Id*.).

On March 28, 2018, Plaintiff attempted suicide again, after Nurse Walton ignored his requests for crisis intervention. Lieutenant Withoff revived Plaintiff by repeatedly slapping him while laughing. Nurse Mall stood watching, laughing, and encouraging Withoff. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for responding to Plaintiff's risk of suicide and suicide attempts with deliberate indifference in March 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The Eighth Amendment prohibits cruel and unusual punishment and is made applicable to the States through the Fourteenth Amendment's Due Process Clause.[2] *Furman v. Georgia*, 408 U.S. 238 (1972) (per curiam). To state an Eighth Amendment claim, Plaintiff must allege that he suffered from an "objectively, sufficiently serious harm" (*i.e.*, objective standard) and that the defendants acted with "deliberate indifference to his health or safety" (*i.e.*, subjective standard). *Kupsky v. McLaren*, 748 F. App'x 74 (7th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted)). The Seventh Circuit has recognized that a suicide attempt presents an obvious serious harm. *Kupsky*, 748 F. App'x at 76 (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)). Deliberate indifference occurs when a prison official is aware that a prisoner "may imminently seek to take his own life and . . . fail[s]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Plaintiff refers to claims for failure to prevent his suicide attempts under the Eighth *and* Fourteenth Amendments. The Eighth Amendment provides the more explicit source of protection for his claim.

to take reasonable steps to prevent the inmate from performing this act." *Id*. at 76 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (internal quotation marks omitted)). Put differently, deliberate indifference in this context is "something approaching total unconcern for the prisoner's welfare in the face of serious risks." *Broadfield v. McGrath*, 737 F. App'x 773 (7th Cir. 2018) (citation omitted). The allegations suggest that Defendants responded to Plaintiff's risk of suicide with deliberate indifference. Count 1 shall receive further review against all of them.

## Disposition

**IT IS ORDERED** that the Complaint survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will receive further review against all Defendants.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant**s HENRY BARROWS, LISA GOLDMAN, LT. BEBOUT, C/O QUANT, C/O DUBZINSKI, LT. WITHOFF, NURSE WALTON, NURSE NORTEN, NURSE MALL,** and **NURSE SMITH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without prepay of the fees and costs or giving security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/2/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**